UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| THOMAS E. CRAWFORD, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 4:23-CV-7-KAC-SKL |
| BEDFORD COUNTY JAIL and JAY POKE, | ) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION AND ORDER**

While he was incarcerated in the Rutherford County Jail, Plaintiff filed a pro se (1) complaint for violation of 42 U.S.C. § 1983 [Doc. 1], (2) application for leave to proceed *in forma pauperis* [Doc. 2], and (3) document entitled "Prisoner Civil Rights" [Doc. 4]. On April 5, 2023, the Court entered an order that (1) notified Plaintiff that that he had not submitted the required documents to proceed *in forma pauperis*; (2) directed the Clerk to send Plaintiff the relevant form that he had not submitted; (3) gave Plaintiff thirty (30) days to return the required document; and (4) warned Plaintiff that failure to timely comply would result in the Court presuming he is not a pauper, assessing him the full amount of fees, and ordering the case dismissed for want of prosecution [*See* Doc. 8 at 1-2]. But after the Court entered that order, the United States Postal Service returned the Court's mailing to Plaintiff containing that order with a notice that the mail was undeliverable [Docs. 9, 10]. Plaintiff subsequently notified the Court that he was no longer incarcerated.

Accordingly, on June 13, 2023, the Court entered an order that (1) directed the Clerk to send Plaintiff a non-prisoner form application for leave to proceed *in forma pauperis*; (2) gave Plaintiff thirty (30) days to pay the full filing fee or submit the required document to proceed *in*

*forma pauperis*; and (3) notified Plaintiff that failure to fully and timely comply with that order would result in the dismissal of his case without further notice [Doc. 11]. The Clerk mailed that order to the address Plaintiff provided to the Court [*See* Doc. 11]. But Plaintiff has not complied with that June 13 Order or otherwise communicated with the Court. And the time to do so has passed.

Under Federal Rule of Civil Procedure 41(b), the Court may dismiss a case for a failure "to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b); s*ee also Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362-63 (6th Cir. 1999); *see also Rogers v. City of Warren*, 302 F. App'x 371, 375 n.4 (6th Cir. 2008) ("Although Rule 41(b) does not expressly provide for a sua sponte dismissal (the rule actually provides for dismissal on defendant's motion), it is well-settled that the district court can enter a sua sponte order of dismissal under Rule 41(b)." (citing *Link v. Wabash R.R.*, 370 U.S. 626, 630 (1962))). The Court examines four factors when considering dismissal under Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005).

Here, an analysis of those factors supports the dismissal of Plaintiff's claims. First, Plaintiff's failure to timely comply with the Court's June 13 order was due to Plaintiff's willfulness or fault. Specifically, it appears that Plaintiff received the Court's Order [Doc. 11] but chose not to comply. Second, Plaintiff's failure to comply with the Court's Order has not prejudiced Defendants because they have not been served. Third, the Court expressly warned Plaintiff that a failure to fully and timely comply with the Order would result in the dismissal of this action [*Id.*

2

at 2]. Finally, alternative sanctions are not warranted here because Plaintiff failed to comply with the Court's clear instructions, and it does not appear that he seeks to prosecute this action after he was released from incarceration. On balance, these factors support dismissal of this action under Rule 41(b).

"[W]hile *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991). Nothing about Plaintiff's pro se status prevented him from complying with the Court's June 13 Order, and Plaintiff's pro se status does not mitigate the balancing of factors under Rule 41(b).

Accordingly, the Court **DISMISSES** this action. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a). Should Plaintiff file a notice of appeal, he is **DENIED** leave to appeal *in forma pauperis*. *See id*.

**SO ORDERED. AN APPROPRIATE JUDGMENT SHALL ENTER.**

**ENTER:**

s/ Katherine A. Crytzer
KATHERINE A. CRYTZER
United States District Judge
